UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X        01 CIV 1126
ARTHUR MILLER, on behalf of himself and all        :
others similarly situated,

                                          :

                        Plaintiffs,        **CONSENT JUDGMENT AND**

                                       :        **ORDER OF DISMISSAL**

     -against-

                                       :

WOLPOFF & ABRAMSON, L.L.P. and UPTON,   :
COHEN & SLAMOWITZ,

                                       :

                        Defendants.
-----------------------------------------------------------X

      Arthur Miller brought suit in 2001 against the law firm of Wolpoff & Abramson

L.L.P. (hereinafter referred to on occasion as "W&A") alleging that that law firm was in

violation of 15 U.S.C. Sec. 1692e(3) for "falsely representing that a communication came

from an attorney when it did not" as a result of three (3) letters sent by the firm to Mr.

Miller prior to suit being commenced against him by W&A's New York affiliate counsel.

The cause was originally dismissed by this court on Wolpoff & Abramson L.L.P.'s

Motion for Summary Judgment but Miller's action was revived by the U.S. Circuit Court

of Appeals for the 2nd Circuit in February, 2003 which permitted Mr. Miller to take

discovery of W&A to determine if, in fact, any false representation had occurred.

      Beginning in 2003, Miller engaged in extensive discovery of W&A including

interrogatories, production of document requests and depositions of multiple employees

and partners of the law firm.  After completing discovery, Miller agrees to dismiss this

case with prejudice upon the following terms:

892302.2

This consent decree was agreed to before the court decided *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360 (2nd Cir. 2005), which involved a different set of facts than were presented in this case. Nothing in this consent decree shall prohibit W&A from modifying its practices in accordance with Greco and/or other case law that may develop in the future in this Circuit and nationwide. Neither party has had an opportunity to examine the facts and circumstances of W&A's debt-collection practices post Greco, and no opinion is expressed herein by the Court or any party on that issue.

(Balance of page intentionally left blank)

892302.2

1.  Wolpoff & Abramson L.L.P. agrees that the law firm must have a genuine relationship with its client as an attorney in order to comply with the FDCPA.

2.  Wolpoff & Abramson L.L.P. agrees that an attorney must be meaningfully involved in the sending of any correspondence to consumer debtors in compliance with 15 U.S.C. Sec. 1692e(3).

3.  Wolpoff & Abramson L.L.P. acknowledges that attorneys must exercise supervision and control over non-attorney staff in compliance with the FDCPA and state bar ethics rules.

4.  Wolpoff & Abramson L.L.P. acknowledges that under existing FDCPA law and court interpretations, in order for an attorney to be meaningfully involved in the collection of an account, an attorney must make a professional decision that collection of the account is proper and the attorney must be aware of the particular circumstances of the referral.

5.  Wolpoff & Abramson L.L.P. agrees to adhere to the law of this circuit when sending correspondence to consumer debtors in the Second Circuit and to the laws of other circuits when communicating with debtors in other circuits when the laws of the other circuits are in conflict.

6.  Wolpoff & Abramson L.L.P. agrees to periodically review its procedures and interpretations of the FDCPA by federal and other courts to ensure that the law firm's current practices comply with the current state of the law.

    Miller agrees and acknowledges that, after extensive discovery, no violations of the Fair Debt Collection Practices Act were found in the handling of his account by the firm of Wolpoff & Abramson L.L.P. and, accordingly, consents to this Order of dismissal

892302.2

firm of Wolpoff & Abramson L.L.P. and, accordingly, consents to this Order of dismissal and this Court is satisfied, based upon the extensive record before it, that dismissal of this matter is proper and warranted.

Accordingly, it is this ___13ᵗʰ___ day of ~~April~~ December, 2005:

ORDERED that Plaintiff's action against Wolpoff & Abramson L.L.P. be and the same is hereby DISMISSED WITH PREJUDICE in the above-entitled action.


    s/ MJ Levy

U.S.M.J.



By Consent of the Parties:

Arthur Miller


Wolpoff & Abramson L.L.P.


892302.1

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

### New York Metropolitan Offices

150 East 42nd Street, New York, New York 10017-5639   Tel: (212) 490-3000   Fax: (212) 490-3038
3 Gannett Drive, White Plains, New York 10604   Tel: (914) 323-7000   Fax: (914) 323-7001

*New York ● Los Angeles ● San Francisco ● Washington, DC ● Newark ● Philadelphia ● Baltimore ● Miami ● Chicago ● White Plains, NY*
*Dallas ● Albany, NY ● San Diego ● Houston ● Garden City, NY ● Boston ● McLean, VA ● Stamford ● London*
*Affiliate Offices: Paris ● Berlin ● Cologne ● Frankfurt ● Munich*

——
www.wemed.com

*Thomas A. Leghorn*
*A Member of the Firm*

*e-mail address:*
*leghornt@wemed.com*

December 12, 2005

**VIA FEDERAL EXPRESS**

Honorable Robert M. Levy
U.S. District Court
225 Cadman Plaza East
Brooklyn, New York  11201-1818

> Re:   Miller v. Wolpoff & Abramson, et al.
>        CV-01-1126 (RJD) (RML)
>        <u>Our File No.:  06666.00001 and 00295.12234</u>

Dear Judge Levy:

I am writing to you as counsel for defendant Wolpoff & Abramson, LLP.  It is with great pleasure that I present for your consideration and approval the Consent Judgment and Order of Dismissal that you were instrumental in having the parties reach agreement upon.  I am submitting this to you with the consent and approval of counsel for Mr. Miller.

In that this has taken quite a few months to accomplish, I must note that the signature page incorrectly states it was to be entered by you on a date in April, 2005.  Rather than further delay the process, it would be preferable if you just struck that and hand wrote the appropriate and correct date.

This resolution pertains to the Wolpoff & Abramson, LLP defendant and does not terminate Mr. Miller's claim against our other client, Upton, Cohen & Slamowitz.

Once again, on behalf of all of the parties and their respective counsel, your assistance in bringing this about is greatly appreciated.

Very truly yours,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Thomas A Leghorn

TAL/lp

1056346.1

Honorable Robert M. Levy
December 12, 2005
Page 2


cc:    Brian L. Bromberg via fax @ 212-248-7908
       Lance Raphael via fax @ 312-377-9930
       Christopher V. Langone @ 312-782-2022