UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARTHUR MILLER,

               Plaintiff,

      -against-

WOLPOFF & ABRAMSON, LLP, and
UPTON COHEN & SLAMOWITZ,

               Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

01 CV 1126 (RJD) (RML)

DEARIE, Chief Judge.

On October 10, 2007, United States Magistrate Judge Robert M. Levy issued an Order denying plaintiff's motion to compel production of "screen shots" for the period from October 18, 2000 through March 16, 2001, which plaintiff claims were withheld by defendant. By letter dated October 18, 2007, plaintiff appeals Magistrate Judge Levy's ruling, "but only insofar as [plaintiff is] seeking permission to subpoena the screenshots," or, at a minimum, to "preserve [his] right" to subpoena them for trial. Plaintiff does not expressly object to the terms of Magistrate Judge Levy's Order, which does not address the issue of trial subpoenas. By letter dated October 23, 2007, defendant opposes plaintiff's motion, asking that plaintiff's application for what defendant contends is additional discovery be denied. Defendant further requests that this Court issue a protective order precluding any use of trial subpoenas as a means of obtaining the screen shots.

Fed. R. Civ. P. 72(a) authorizes a district court to "modify or set aside any portion of [a] magistrate judge's order found to be clearly erroneous or contrary to law." However, "[a] magistrate's resolution of pretrial discovery disputes is entitled to substantial deference. . . ." City of New York v. A-1 Jewelry & Pawn, Inc., No. 06-CV-2233, 2007 U.S. Dist. LEXIS 20463,

at *4 (E.D.N.Y. Mar. 22, 2007) (quotation omitted). Consequently, "[t]he party seeking to overturn a magistrate judge's decision carries a heavy burden." In re Veeco Instruments, Inc. Sec. Litig., No. 05-MD-01695, 2007 U.S. Dist. LEXIS 16922, at *9 (S.D.N.Y. Mar. 9, 2007).

In his Order, Magistrate Judge Levy denied plaintiff's request for the screen shots as untimely, stating that with a few specified exceptions, discovery had been closed since March 9, 2006. Although plaintiff did subsequently raise the issue of the screen shots in his opposition to defendant's motion for summary judgment, as Magistrate Judge Levy's Order notes, plaintiff failed to renew the request after this Court denied defendant's motion on January 25, 2007. Plaintiff also failed to raise the issue at a May 18, 2007 pretrial conference. Finally, the joint pretrial order, submitted by both parties and approved by Magistrate Judge Levy on October 2, 2007, reflects no dispute over the screen shots. Magistrate Judge Levy therefore denied plaintiff's request, concluding that discovery had long since closed, and that plaintiff had waived his right to move to compel production.

The Court finds that Magistrate Judge Levy's Order denying plaintiff's request to compel production of the screen shots soundly disposed of the dispute and was not clearly erroneous or contrary to law. To the extent that plaintiff now objects to that Order, the objection is without merit. As to the parties' requests concerning the use of trial subpoenas to procure the screen shots, the Court finds the discussion premature and declines to rule. The appropriateness of any attempt to gain access to the screen shots by means of trial subpoenas is a question best answered

at the time of trial.

SO ORDERED.

Dated: Brooklyn, New York
       November 8, 2007

s/RJD

_____
RAYMOND J. DEARIE
United States District Judge